[Cite as *State v. Grant*, 2026-Ohio-2723.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,          :

                                  No. 116074

    v.                                      :

MICHAEL GRANT, AKA,
ABBAS ABDULLAH WALI,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-572242-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Michael Grant, a.k.a., Abbas Abdullah Wali, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1}    Defendant-appellant Michael Grant, also known as Abbas Abdullah Wali ("Grant"), appeals pro se from the judgment of the Cuyahoga County Court of

Common Pleas denying his petition for postconviction relief without a hearing. After a thorough review of the record and applicable law, we affirm.

## I.     Facts and Procedural History

{¶ 2}     This matter arises from Grant's petition for postconviction relief filed in the trial court more than 12 years after his convictions became final.  Because the underlying criminal proceedings have generated multiple prior appeals to this court, a thorough recitation of the procedural history is necessary to place the current appeal in context.

{¶ 3}     On February 21, 2013, the Cuyahoga County Grand Jury returned an indictment against Grant in Cuyahoga C.P. No. CR-13-571517-A, charging him with one count of burglary and one count of misdemeanor theft in connection with the break-in of a home that occurred on December 13, 2012.  *State v. Grant*, 2014-Ohio-2656, ¶ 2 (8th Dist.) ("*Grant I*").

{¶ 4}     On March 18, 2013, the grand jury returned a separate 20-count indictment against Grant in the underlying case, Cuyahoga C.P. No. CR-13-572242-A, for a series of offenses alleged to have occurred between January 11, 2013, and January 31, 2013, involving three separate victims.  *Id*. at ¶ 3.  The indictment charged Grant with eight counts of rape with firearm and sexually violent predator specifications; four counts of kidnapping with firearm, sexual-motivation, and sexually-violent-predator specifications; three counts of aggravated robbery with firearm specifications; three counts of gross sexual imposition; one count of felonious assault with a firearm specification; and one count of petty theft.

{¶ 5} Grant initially pled not guilty to all charges. On June 19, 2013, his counsel filed motions for competency and sanity evaluations. *Id.* at ¶ 3. On July 25, 2013, the parties stipulated to the court psychiatric report that found Grant competent to stand trial and sane at the time of the offenses. *Id.*

{¶ 6} On September 16, 2013, Grant pled guilty to the indictment in Case No. CR-13-571517. Also on September 16, 2013, in the underlying case, the State amended several counts and Grant pled guilty to a total of seven offenses: two counts of rape with three-year firearm specifications and sexually violent predator specifications (amended Counts 1 and 10); two counts of rape with three-year firearm specifications (amended Counts 2 and 9); two counts of rape without specifications (amended Counts 3 and 11); and one count of aggravated robbery with a three-year firearm specification (amended Count 18). *Id.* at ¶ 4. The remaining counts were nolled.

{¶ 7} Immediately following the plea, the trial court sentenced Grant to an aggregate prison term of 58 years to life. On Count 1, the court imposed three years on the firearm specification consecutive to ten years to life on the base charge per the sexually-violent-predator specification, for a total of 13 years to life. On Count 2, the court imposed three years on the firearm specification consecutive to nine years on the base charge, for a total of 12 years. On Count 3, the court imposed nine years. Counts 1 and 2 were ordered to be served consecutively to each other, with Count 3 to run concurrently, for a total of 25 years to life on Counts 1, 2, and 3. On Count 9, the court imposed three years on the firearm specification consecutive to

nine years on the base charge, for a total of 12 years. On Count 10, the court imposed three years on the firearm specification consecutive to ten years to life on the base charge per the sexually-violent-predator specification, for a total of 13 years to life. On Count 11, the court imposed nine years. Counts 9 and 10 were ordered to run consecutively to each other, with Count 11 concurrent, for a total of 25 years to life on Counts 9, 10, and 11. On Count 18, the court imposed three years on the firearm specification consecutive to five years on the base charge, for a total of eight years. The court ordered Counts 1, 2, and 3 to run consecutively to Counts 9, 10, and 11, and ordered Count 18 to run consecutively to the remaining counts. The court also imposed five years of mandatory postrelease control and classified Grant as a Tier III sex offender subject to lifetime registration every 90 days.

{¶ 8} Grant filed a direct appeal to this court in Appeal No. 100497, and the trial transcripts were filed in this court on November 18, 2013. On June 19, 2014, this court affirmed Grant's convictions but remanded the matter for the limited purpose of allowing Grant the opportunity to move the trial court for waiver of court costs. *Grant I* at ¶ 16.

{¶ 9} On January 22, 2015, the trial court held a hearing on remand and waived all court costs. On January 23, 2015, the trial court issued a journal entry waiving all court costs.

{¶ 10} On May 19, 2015, Grant, pro se, filed a petition to vacate or set aside the judgment of conviction or sentence, along with a motion for appointment of counsel and a motion for expert assistance. The State filed a brief in opposition on

May 27, 2015. On June 2, 2015, the trial court denied the petition and the accompanying motions.

{¶ 11} Grant subsequently filed several additional pro se motions, including a motion for affidavit of fact writ of discovery filed March 22, 2017, which the trial court denied on May 1, 2017; a motion to withdraw guilty plea filed October 24, 2017, which the trial court denied on October 30, 2017; and a second motion to withdraw guilty plea filed June 26, 2018, which the trial court denied on July 2, 2018. Notices of appeal from certain of these rulings were dismissed for failure to file a praecipe in accordance with Loc.App.R. 9(B).

{¶ 12} Grant appealed the denial of his June 26, 2018 motion to withdraw guilty plea to this court in Appeal No. 107499. On March 7, 2019, this court affirmed in part, vacated in part, and remanded. *State v. Grant*, 2019-Ohio-796, ¶ 1 (8th Dist.) ("*Grant II*"). This court sua sponte noticed that the trial court had transposed Counts 9 and 10 when sentencing Grant and vacated the sentences imposed on those counts, remanding the matter for resentencing as to those counts only. *Id.* at ¶ 16.

{¶ 13} On May 23, 2019, the trial court held a resentencing hearing as to Counts 9 and 10 only. On Count 9, the court imposed three years on the firearm specification consecutive to nine years on the base charge, for a total of 12 years. On Count 10, the court imposed three years on the firearm specification consecutive to ten years to life on the base charge per the sexually-violent-predator specification, for a total of 13 years to life. The trial court reimposed the same aggregate prison sentence of 58 years to life. Also on May 23, 2019, Grant filed a pro se motion to

withdraw guilty plea, which the trial court declined to rule on, finding it lacked jurisdiction.

{¶ 14} On April 15, 2024, Grant filed a pro se motion for writ of mandamus with an evidentiary hearing requested. The State filed a brief in opposition on October 18, 2024. On October 24, 2024, the trial court denied the motion. Grant filed a notice of appeal in Appeal No. 114564 on November 18, 2024, which appeal was dismissed by entry filed December 12, 2024.

{¶ 15} On December 22, 2025, more than 12 years after the trial transcripts were filed in his direct appeal, Grant filed the petition that is the subject of this appeal. The pleading was captioned as a "Post-Conviction Petition Under Rule 35 Crim.R." with an evidentiary hearing requested. The petition raised four grounds for relief: (1) that Grant's Fifth Amendment right against self-incrimination was violated when Detective Charles A. McNeeley, Jr. ("Det. McNeeley") interrogated him without first administering *Miranda* warnings; (2) that Grant's Fourth Amendment right against unreasonable searches and seizures was violated as fruit of the alleged *Miranda* violation; (3) that the affidavit supporting the search warrant lacked sufficient facts of criminal activity to justify a search or intentionally and/or recklessly omitted material information; and (4) that Grant received ineffective assistance of trial counsel.

{¶ 16} The petition was supported with several attachments, including Grant's May 19, 2015 petition to vacate or set aside judgment with the accompanying motions for appointment of counsel and expert assistance; a December 8, 2025

affidavit from Grant; a February 23, 2024 letter from the Cuyahoga County Clerk of Courts concerning Grant's public-records request; the plea and sentencing transcripts; a December 8, 2025 affidavit of indigency; the State's April 10, 2013 response; a July 1, 2013 demand for discovery; and a Cleveland Division of Police supplementary report bearing the State's discovery stamp, exchanged on May 29, 2013.

{¶ 17} In his accompanying affidavit, Grant asserted that on the morning of February 14, 2013, while he was being held in the Cuyahoga County Jail on the unrelated charges in Case No. CR-13-571517, Det. McNeeley and another detective questioned him without first providing *Miranda* warnings. According to Grant, the detectives asked him biographical questions, including his name, age, height, weight, and the last four digits of his Social Security number, and asked whether he would consent to a buccal swab. Grant declined the swab, and the conversation ended. Grant acknowledged in his briefing that he did not make any incriminating statements during the interaction. Grant further alleged that on February 21, 2013, Det. McNeeley, along with another detective and a S.W.A.T. team, executed an arrest warrant at Grant's residence, where Grant lived with his grandmother and siblings, and also executed a search warrant of the residence. Grant alleged that the affidavit supporting the search warrants lacked probable cause.

{¶ 18} On January 7, 2026, the State filed a motion for extension of time to respond, which the trial court granted, giving the State until January 16, 2026. On January 13, 2026, the State filed its brief in opposition, arguing that the petition was

untimely under R.C. 2953.21, that Grant could not satisfy the jurisdictional exceptions in R.C. 2953.23(A), that the claims were barred by res judicata, that Grant's guilty plea waived the constitutional claims he asserted, and that the claims lacked merit in any event.

{¶ 19} On January 15, 2026, the trial court summarily denied the petition. Grant timely filed a pro se notice of appeal on January 28, 2026, which is the appeal presently before this court, assigning four errors for our review:

> 1. The court should have considered the Appellant's petition for post-conviction relief under § 2953.23 (1)(a) constitutional rights under the Fifth Amendment, United States Constitution; Section 10, Article 1, Ohio Constitution, self-incrimination was violated;
>
> 2. The court should have considered the Appellant's petition for post-conviction relief under § 2953.23(1)(a) constitutional rights under the Fourth Amendment, United States Constitution; Section 14, Article 1, Ohio Constitution, was violated through unreasonable searches and seizures;
>
> 3. The court should have considered the Appellant's petition for post-conviction relief under § 2953.23(1)(a) constitutional rights under the Fourth and Fourteenth Amendment, United States Constitution; Section 14, Article 1, Ohio Constitution was violated;
>
> 4. The court should have considered the Appellant's petition for post-conviction relief under § 2953.23 (1)(a) constitutional rights under the Sixth Amendment, United States Constitution; Section 10, Article 1, Ohio Constitution, was violated for lack of effective assistance of counsel.

## II. Postconviction Relief

{¶ 20} In Grant's first assignment of error, he argues that the trial court should have considered his petition for postconviction relief under R.C. 2953.23(A)(1)(a) because his Fifth Amendment right against self-

incrimination, as well as his rights under the Ohio Const. art. I, § 10, were violated when Det. McNeeley interrogated him without first administering Miranda warnings.

## A. Standard of Review

{¶ 21} Whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law that this court reviews de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24. A petition for postconviction relief under R.C. 2953.21(A)(1)(a)(i) must be filed no later than 365 days after the date on which the trial transcript is filed in the defendant's direct appeal, or, if no appeal is taken, no later than 365 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2)(a); *State v. Fraley*, 2026-Ohio-1964, ¶ 1.

{¶ 22} When a petition is filed outside that period or is a second or successive petition, the trial court may not entertain it unless the petitioner satisfies the requirements of R.C. 2953.23(A). *Apanovitch* at ¶ 36. Under R.C. 2953.23(A)(1), the petitioner must show both that he was unavoidably prevented from discovering the facts upon which he relies or that the United States Supreme Court has recognized a new federal or state right that applies retroactively, and, by clear and convincing evidence, that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a) and (b). A trial court that entertains an untimely or successive petition without satisfaction of these jurisdictional prerequisites acts without subject-matter jurisdiction.

*Apanovitch* at ¶ 36-37.  R.C. 2953.21 provides "the exclusive mechanism by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."  *State v. Hill*, 2026-Ohio-1427, ¶ 2, quoting R.C. 2953.21(K).

**B. Law and Analysis**

{¶ 23} Grant pleaded guilty in CR-13-572242 on September 16, 2013, and was sentenced that same day to an aggregate term of 58 years to life.  Grant pursued a direct appeal, and the trial transcripts were filed in this court on November 18, 2013.  This court affirmed Grant's convictions in *Grant I* and later remanded for the limited purpose of resentencing on Counts 9 and 10 in *Grant II*.  Grant filed the petition for postconviction relief now before the court on December 22, 2025, more than 12 years after the transcripts were filed in his direct appeal.  The trial court denied the petition on January 15, 2026.

{¶ 24} Under R.C. 2953.21(A)(2)(a), Grant's petition was due no later than 365 days after the November 18, 2013 filing of the trial transcripts in his direct appeal.  *Fraley*, 2026-Ohio-1964, at ¶ 1.  The December 22, 2025 petition was filed more than a decade beyond that deadline and was patently untimely.  The trial court therefore lacked jurisdiction to consider the petition unless Grant satisfied the jurisdictional requirements of R.C. 2953.23(A).  *Apanovitch*, 2018-Ohio-4744, at ¶ 36.

{¶ 25} Grant could not meet either prong of R.C. 2953.23(A)(1).  As to the first prong, he did not demonstrate that he was unavoidably prevented from discovering the facts underlying his Miranda claim.  The factual predicate for the

claim, namely the February 14, 2013 interview at the Cuyahoga County jail conducted by Det. McNeeley, was known to Grant at the time it occurred. Grant himself described the entire encounter in detail in his brief and recounted the questions posed and the answers given. By Grant's own account, he was personally present during the interview and personally aware that no Miranda warnings preceded the detective's questions. Facts personally known to a defendant at the time of the underlying events are not facts from which he was unavoidably prevented from discovery. Grant also did not identify any new federal or state right recognized by the United States Supreme Court that applies retroactively to his situation. R.C. 2953.23(A)(1)(a).

{¶ 26} Grant also could not satisfy the second prong of R.C. 2953.23(A)(1)(b). That provision requires a showing, by clear and convincing evidence, that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. Grant pleaded guilty on September 16, 2013, and was convicted on his plea, not after a trial. Tr. 28-55. Where a defendant pleads guilty, there is no trial against which to measure the impact of any claimed constitutional error, and the petitioner cannot establish that, but for constitutional error at trial no reasonable factfinder would have found him guilty. The asserted Miranda violation, even if assumed for the sake of argument, did not produce any incriminating statement used to obtain a conviction; Grant himself acknowledged that the statements he gave to Det. McNeeley were biographical and that he declined

to consent to a DNA swab. Grant's own admission of guilt under oath, not any custodial statement, established his guilt.

{¶ 27} R.C. 2953.21 supplies the exclusive mechanism for collateral attack on a conviction, *Hill*, 2026-Ohio-1427, at ¶ 2, and that mechanism is bounded by the timing and jurisdictional limits of R.C. 2953.21(A)(2)(a) and 2953.23(A). Because Grant did not satisfy either component of R.C. 2953.23(A)(1), the trial court was without subject-matter jurisdiction to consider the merits of the Fifth Amendment claim raised in the untimely petition. *Apanovitch*, 2018-Ohio-4744, at ¶ 36-37. We find that the trial court properly denied the petition.

{¶ 28} Therefore, Grant's first assignment of error is overruled.

{¶ 29} In the second assignment of error, Grant contends that the trial court should have considered his petition for postconviction relief because his rights under the Fourth Amendment to the United States Constitution of the Ohio Const., art. I, § 14 were violated through unreasonable searches and seizures. Grant argued that the alleged Miranda violation discussed in his first assignment of error tainted the subsequent search warrants executed at his residence and on his person, rendering the resulting evidence "fruit of the poisonous tree."

{¶ 30} As set forth in the analysis of the first assignment of error, the trial court lacked subject-matter jurisdiction to entertain Grant's petition for postconviction relief because the petition was untimely filed and Grant did not satisfy the jurisdictional requirements of R.C. 2953.23(A)(1). Grant's petition was

filed on December 22, 2025, more than 12 years after the transcripts in his direct appeal were filed on November 18, 2013.

{¶ 31} To overcome the jurisdictional time bar of R.C. 2953.23(A)(1), a petitioner must demonstrate both that he was unavoidably prevented from discovering the facts upon which he relies or that the United States Supreme Court has recognized a new retroactive right and that, but for constitutional error at trial, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(a) and (b). Grant satisfied neither prong as to his Fourth Amendment claim.

{¶ 32} As to the first prong, the facts underlying Grant's Fourth Amendment claim, the execution of the arrest and search warrants at his residence on February 21, 2013, and the obtaining of biological samples and photographs of his person while he was held at the county jail, were known to Grant at the time the events occurred. Grant himself described those events in detail in his merit brief. These facts were available to him both at the time of his guilty plea on September 16, 2013, and within the one-year period for filing a timely petition for postconviction relief. Grant therefore did not establish that he was unavoidably prevented from discovering the facts underlying this claim. R.C. 2953.23(A)(1)(a).

{¶ 33} As to the second prong, Grant pleaded guilty to the amended indictment on September 16, 2013. Because there was no trial, Grant cannot demonstrate that, but for constitutional error at trial, no reasonable factfinder would have found him guilty. This court has consistently held that a petitioner who pleaded guilty and then files an untimely petition for postconviction relief generally

cannot qualify under R.C. 2953.23(A)(1)(b). *State v. Stefan*, 2020-Ohio-1276, ¶ 22 (8th Dist.). "Because the defendant has pled guilty, there is no trial; he cannot, therefore[,] demonstrate that 'but for constitutional error at trial[,]' he would not have been found guilty." *Id.*

{¶ 34} Grant's Fourth Amendment claim is also independently barred for separate reasons. A voluntary guilty plea waives the right to challenge the admissibility of evidence that may have been obtained in violation of the Fourth Amendment. The proper vehicle for raising a Fourth Amendment challenge to the validity of a search warrant or the manner of its execution was a pretrial motion to suppress, the denial of which could have been preserved for appeal through a no-contest plea. Grant instead pleaded guilty, and that plea was affirmed on direct appeal. *State v. Grant*, 2014-Ohio-2656 (8th Dist.). The validity of the searches and seizures conducted in February 2013 could have been challenged before the trial court at the time of the proceedings and, to the extent any such challenge was preserved, on direct appeal. Grant's attempt to raise the issue for the first time in a petition filed more than 12 years after his conviction is therefore also barred by the doctrine of res judicata. *See Apanovitch*, 2018-Ohio-4744, at ¶ 21.

{¶ 35} Grant's reliance on the doctrine articulated in *Mapp v. Ohio*, 367 U.S. 643 (1961), and the "fruit of the poisonous tree" doctrine does not alter this analysis. Even assuming the search warrants suffered from some defect, which Grant has not demonstrated on this record, the exclusionary remedy he seeks was available to him through a pretrial motion to suppress, not through a successive, untimely

postconviction petition filed more than a decade after he entered a knowing and voluntary guilty plea.

{¶ 36} Because Grant failed to satisfy the jurisdictional requirements of R.C. 2953.23(A)(1), the trial court lacked authority to entertain the petition and properly denied it without a hearing.

{¶ 37} Therefore, Grant's second assignment of error is overruled.

{¶ 38} In Grant's third assignment of error, he argues that the trial court erred in failing to consider his petition for postconviction relief on the merits because the affidavit submitted in support of the search warrant lacked sufficient facts to establish probable cause and intentionally or recklessly omitted material information in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Ohio Const., art. I, § 14.

{¶ 39} As discussed in connection with the first and second assignments of error, Grant's petition for postconviction relief was filed on December 22, 2025, more than 12 years after the trial transcript was filed in his direct appeal on November 18, 2013. The petition was therefore plainly untimely under R.C. 2953.21(A)(2)(a), and it was also successive. The trial court accordingly lacked jurisdiction to consider the petition unless Grant satisfied the jurisdictional requirements of R.C. 2953.23(A). *Apanovitch*, 2018-Ohio-4744, at ¶ 24.

{¶ 40} To invoke jurisdiction under R.C. 2953.23(A)(1), Grant was required to demonstrate both that he was unavoidably prevented from discovering the facts upon which his claim relied or that the United States Supreme Court had recognized

a new retroactively applicable right and that but for constitutional error at trial, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(a) and (b). Grant made neither showing with respect to his Fourth Amendment claim.

{¶ 41} Grant's third claim challenged the sufficiency of the affidavit supporting the search warrants that were executed in February 2013. The facts and circumstances surrounding the issuance and execution of those warrants were known to Grant, or with reasonable diligence could have been known to him, at the time of his plea on September 16, 2013. The search of his residence and the collection of his DNA preceded his plea, and any challenge to the affidavit supporting the warrants could have been raised by a motion to suppress before trial or on direct appeal. Grant identified no fact concerning the affidavit that he could not have discovered within the period prescribed by R.C. 2953.21(A)(2). He therefore failed to satisfy R.C. 2953.23(A)(1)(a).

{¶ 42} Grant also failed to satisfy R.C. 2953.23(A)(1)(b). This court has held that a petitioner who pleaded guilty cannot ordinarily satisfy that subsection because there was no trial at which constitutional error could have occurred and because the petitioner's own admission of guilt forecloses any argument that no reasonable factfinder would have found him guilty. *Stefan*, 2020-Ohio-1276, at ¶ 22 (8th Dist.). Grant pleaded guilty to two counts of rape with three-year firearm and sexually-violent-predator specifications, two counts of rape with three-year firearm specifications, two counts of rape without specifications, and one count of aggravated robbery with a three-year firearm specification. Because Grant's

conviction rested on his own admission of guilt, he could not establish under R.C. 2953.23(A)(1)(b) that no reasonable factfinder would have found him guilty but for the alleged Fourth Amendment violation. *Stefan* at ¶ 22.

{¶ 43} Even if the jurisdictional bar did not apply, Grant's third claim was barred by res judicata. Under the doctrine of res judicata, a defendant is precluded from raising in a postconviction proceeding any claim that was raised or could have been raised at trial or on direct appeal. *State v. Solnick*, 2014-Ohio-2535, ¶ 22 (8th Dist.). Any challenge to the sufficiency of the affidavit supporting the search warrants could have been pursued through a pretrial motion to suppress and, if denied, raised on direct appeal. Grant instead pleaded guilty. A guilty plea waives all nonjurisdictional defects in the proceedings, including challenges to searches and seizures conducted before the plea. *State v. Grove*, 2016-Ohio-2721, ¶ 26 (8th Dist.). Grant's claim was therefore barred.

{¶ 44} Grant's reliance on *Franks v. Delaware*, 438 U.S. 154 (1978), does not change the analysis. *Franks* holds that a defendant may, in limited circumstances, challenge the veracity of statements made in an affidavit supporting a search warrant, but it also recognizes a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. To overcome that presumption, a defendant must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit, and that the allegedly false statement was necessary to the finding of probable cause. *Id.* at 155-156. Grant did not attach the challenged search

warrants or supporting affidavits to his petition, did not identify any specific statement in any affidavit that was false, and did not identify any specific material fact that was omitted. His petition offered only conclusory assertions that the affidavits were "bare bones" and lacked probable cause. Such unsupported allegations are insufficient to overcome the presumption of validity recognized in *Franks*, 438 U.S. at 171, and were insufficient to establish a substantive constitutional violation even had the petition been timely.

{¶ 45} Because Grant's petition was untimely and successive, because he failed to satisfy either prong of R.C. 2953.23(A)(1), because his guilty plea waived any challenge to the validity of the search warrants, and because the claim was in any event barred by res judicata and unsupported by any specific showing, we find that the trial court properly declined to consider the merits of his third claim.

{¶ 46} Therefore, Grant's third assignment of error is overruled.

{¶ 47} In Grant's fourth assignment of error, he argues that the trial court should have considered his petition for postconviction relief because his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment to the United States Constitution and the Ohio Const., art. I, § 10. Grant contends that trial counsel breached the duty of representation by failing to conduct an independent investigation of the facts, circumstances, pleadings, and law of the case.

{¶ 48} To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Grove*, 2016-Ohio-2721, at ¶ 25 (8th

Dist.), citing *Strickland v. Washington*, 466 U.S. 668 (1984). When a defendant has entered a guilty plea, a claim of ineffective assistance of counsel is waived unless the alleged ineffectiveness precluded the defendant from knowingly, intelligently, and voluntarily entering the guilty plea. *Grove* at ¶ 26.

{¶ 49} As an initial matter, Grant's fourth assignment of error fails for the same jurisdictional reasons set forth in the disposition of his first three assignments of error. Grant's petition for postconviction relief was filed on December 22, 2025, more than 12 years after the trial transcripts were filed in his direct appeal on November 18, 2013. The petition was therefore untimely under R.C. 2953.21(A)(2)(a), and it was likewise successive, because Grant had previously filed a petition to vacate or set aside judgment on May 19, 2015.

{¶ 50} Because the petition was untimely and successive, the trial court lacked subject-matter jurisdiction to consider it unless Grant satisfied the requirements of R.C. 2953.23(A). *Apanovitch*, 2018-Ohio-4744, at ¶ 22-24. As explained in the analysis of the prior assignments of error, Grant did not establish that he was unavoidably prevented from discovering the facts upon which his ineffective-assistance claim rests, nor did he rely on a newly recognized federal or state right that applies retroactively. R.C. 2953.23(A)(1)(a). The facts Grant advanced in support of his ineffective-assistance claim, including counsel's alleged failure to investigate, alleged failure to move to suppress, and alleged failure to provide a copy of the transcript, were all matters known or could have been known

to Grant at the time of his 2013 plea and sentencing. Indeed, the letter from prior counsel attached as Exhibit A to Grant's petition was dated February 18, 2015.

{¶ 51} Grant also failed to satisfy R.C. 2953.23(A)(1)(b). This court has consistently held that a defendant who entered a guilty plea generally cannot satisfy R.C. 2953.23(A)(1)(b) because there was no trial at which constitutional error could have occurred. *Stefan*, 2020-Ohio-1276, at ¶ 22 (8th Dist.). A defendant who admitted guilt under oath "has no basis for arguing that reasonable factfinders would not have found him guilty when he himself is admitting guilt of a substantive crime." *Id.* Grant pleaded guilty to seven offenses on September 16, 2013, including multiple counts of rape and aggravated robbery, and the trial court imposed an aggregate sentence of 58 years to life in prison. *Grant I*, 2014-Ohio-2656, ¶ 4 (8th Dist.). By entering his guilty plea, Grant foreclosed the showing required by R.C. 2953.23(A)(1)(b). *Stefan* at ¶ 22.

{¶ 52} Even setting aside the jurisdictional bar, Grant's ineffective-assistance claim is barred by res judicata. A claim that could have been raised on direct appeal or in a timely petition for postconviction relief may not be asserted in a successive, untimely petition. *State v. Flora*, 2006-Ohio-5732, ¶ 43 (8th Dist.); *State v. Solnick*, 2014-Ohio-2535, ¶ 22 (8th Dist.). Grant's allegations concerning trial counsel's pre-plea investigation, communication, and strategy were matters known to Grant at the time of his plea and could have been raised on direct appeal or in his prior motions to withdraw his guilty plea. *See Grant II*, 2019-Ohio-796, ¶ 1

(8th Dist.). They cannot be raised for the first time in a postconviction-relief petition filed more than a decade after sentencing.

{¶ 53} Grant's ineffective-assistance claim also fails on its merits. By entering a guilty plea, Grant waived all claims of ineffective assistance of counsel except those bearing on whether the plea itself was knowing, intelligent, and voluntary. *Grove*, 2016-Ohio-2721, at ¶ 26 (8th Dist.). Grant did not allege, much less demonstrate, that any deficiency on the part of counsel rendered his plea involuntary. The plea colloquy reflected that Grant was found competent to stand trial following stipulated psychiatric evaluations and that he entered the plea after the State amended the indictment to reduce the number of counts from 20 to 7. Grant offered no evidence that, but for any alleged deficiency by counsel, he would not have entered the plea.

{¶ 54} To the extent Grant argued that counsel should have moved to suppress his statement to Det. McNeeley, the argument fails for the additional reason that Grant conceded in his brief that the statement to the detective was "not incriminating." A reasonable attorney could have made the strategic decision not to seek suppression of a nonincriminating statement, and the failure to file a futile or unnecessary motion does not constitute deficient performance under *Strickland*. *Grove* at ¶ 25. Nor has Grant demonstrated prejudice. Without an incriminating statement to suppress, there is no reasonable probability that a motion to suppress would have altered the outcome of the proceedings or affected Grant's decision to plead guilty.

{¶ 55} Grant's remaining ineffective-assistance arguments, including allegations that counsel failed to conduct an independent investigation, failed to provide him with discovery in a timely manner, and operated under an alleged conflict, are conclusory and unsupported by any evidence outside the record beyond Grant's own self-serving affidavit prepared in December 2025. (Petition for Postconviction Relief, exhibit No. B, Dec. 8, 2025.) Such broad and unsubstantiated allegations are insufficient to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Grove*, 2016-Ohio-2721, at ¶ 25 (8th Dist.).

{¶ 56} Counsel's expression of sympathy for the victims at sentencing did not establish a conflict of interest. As this court has recognized, an attorney may make the tactical decision to acknowledge the gravity of the offenses in an effort to preserve credibility with the sentencing court. *See State v. Hartman*, 93 Ohio St.3d 274, 296 (2001). Grant identified no specific rule of professional conduct that counsel allegedly violated and pointed to no fact in the record demonstrating that any such acknowledgment affected the voluntariness of his plea or the sentence imposed.

{¶ 57} For these reasons, the trial court lacked jurisdiction to entertain Grant's untimely and successive petition; the ineffective-assistance claim was barred by res judicata; and the claim was without merit. We determine that the trial court properly denied the petition without a hearing.

{¶ 58} Therefore, Grant's fourth assignment of error is overruled.

{¶ 59} Grant has filed numerous appeals and petitions. Having found no basis in law for these filings, Grant is hereby forewarned that if he continues to file such frivolous petitions and appeals, it may result in him being declared a vexatious litigator, subject to future appellate filing requirements under Loc.App.R. 23(B)-(C).

{¶ 60} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN A. GALLAGHER, J., CONCUR